**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| VIVIAN N. AUGUSTUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CAUSE NO: |
| TOWN OF SOUTH WHITLEY and ) | |
| OFFICER BRIAN SCHIMMEL and ) | |
| WHITLEY COUNTY SHERIFF JASON ) | |
| SPENCER, and JOHN DOES/JANE DOES ) | |
| (UNKNOWN CONFINEMENT OFFICERS), ) | |
| ) | |
| Defendants. ) | |

## <u>COMPLAINT</u>

Plaintiff, alleges against the Defendants that:

1. The Plaintiff is Vivian N. Augustus who filed Tort Claim Notices with the Town of South Whitley on April 19, 2024, and on April 25,2024, copies of which are attached hereto and made apart hereof as Exhibits A & B (with attachments).

2. The Defendant Town of South Whitley is a municipality in the State of Indiana and is responsible for the actions of its law enforcement officers, agents, and employees pursuant to the doctrine of *respondeat superior*.   The Town of South Whitley received the Tort Claim Notice of April 19, 2024, and the Amended Tort Claim Notice dated April 25, 2024, (Exhibits A& B).   The Town of South Whitley did not respond to either Tort Claim Notice.   Ninety (90) days have passed since the Town of South Whitley's receipt of the Tort Claim Notice/Amended Tort Claim Notice.   All jurisdictional prerequisites to filing this lawsuit have been satisfied.

–1–

3. Defendant Officer Brian Schimmel was, on January 24, 2024, employed as a law enforcement officer for the Town of South Whitley. He is sued in his individual capacity as a police officer who was acting as a person under color of law when he falsely arrested the Plaintiff for going seven miles per hour over the posted speed limit, resisting, and failure to identify and then using unreasonable and excessive force against her in violation of Plaintiff's rights under the Fourth Amendment of the Untied States Constitution which prohibits the unreasonable seizure of arrestees. This action is being brought, in part, pursuant to 42 U.S.C. § 1983.

4. Defendant Whitley County Sheriff implemented and utilized unconstitutional customs, practices, policies and procedures regarding the automatic strip – searching and body – cavity – searching of all inmates (including Plaintiff) without regards to the seriousness of the crime or whether the inmate was destined for general population in the Whitley County Jail. Plaintiff was stopped for speeding and after booking was promptly released and was never placed into general population. She was unconstitutionally subjected to a strip-search and body – cavity search. Presently unidentified confinement officers caused Plaintiff to be unconstitutionally searched.

5. The Plaintiff was falsely arrested for, and falsely charged with Speeding, Resisting Law Enforcement, and Failure to Identify. All criminal charges and infractions were dismissed, and Defendant Schimmel lacked probable cause to file these infractions/ criminal charges which he filed intentionally and with malice and without probable cause. As all criminal charges were dropped, Plaintiff has prevailed on the merits and sues the Town of South Whitley for false arrest and malicious prosecution.

6. After Defendant Brian Schimmel stopped Plaintiff for speeding, and after Plaintiff pulled her vehicle into a Marathon gas station on State Street in South Whitley, Indiana, Plaintiff attempted to find her driver's license/ identification.

7. This was Plaintiff's first experience of being subjected to a traffic stop by a police officer, and she was nervous and fumbled for her driver's license which was on a lanyard attached to the car key ignition.

8. As Plaintiff was attempting to retrieve her drivers license and registration, Defendant Schimmel opened up the driver's side door of Plaintiff's vehicle and told her to get out. Plaintiff continued to try and get her driver's license out of her pouch on the lanyard and asked Defendant Schimmel why she was pulled over. Plaintiff was not given adequate time to process and comply with Schimmel's commands.

9. Defendant Schimmel told Plaintiff to get out of the car, and Plaintiff informed him that her driver's license was attached to her keys. Defendant Schimmel directed that Plaintiff get out of the car or that he would force her out. At no time did Plaintiff resist.

10. Plaintiff became afraid, because she did not know this officer who refused to tell her why she was stopped, and Plaintiff continued to try and get her drivers license and registration - - Plaintiff was "frozen" and confused by Officer Schimmel who continued to escalate the situation and become hostile. At no time did Plaintiff resist or refuse the officer's instructions.

11. Defendant Schimmel then entered Plaintiff's vehicle, removed her seatbelt, then grabbed the Plaintiff by her arm and forcibly threw her out of the car onto the pavement where she lay faced down at which time officers Schimel handcuffed her. Plaintiff

–3–

driver's license dropped to the ground. Plaintiff's knees suffered abrasions and Defendant pounced upon Plaintiff causing pain and suffering. Schimmel failed to timely activate his body cam.

12. Plaintiff hurt her knees from Schimmel throwing her to the ground. She experienced physical pain, emotional distress, and mental anguish as a result of the excessive and unreasonable force by Defendant Schimmel. Defendant Schimmel continued to be hostile to the Plaintiff even after she was handcuffed and continued to yell at the Plaintiff telling her that she was not trying to show her identification and that she was not trying to comply and continued to be overreactive and angry and frustrated, yelling "you don't get to sit there and tell me how I'm going to do my job! You understand?" or words to that effect. Plaintiff at all times remained calm and respectful.

13. The attached photographs depict the Plaintiff on the ground after Defendant Schimmel's use of unreasonable and excessive force. The photographs show Plaintiff's driver's license on the ground, as well as injuries to her knees. These photographs are attached hereto as Exhibits D, E, & F.

14. Defendant Schimmel placed Plaintiff in the back of his police car. He then searched Plaintiff's vehicle without her consent in violation of rights again unreasonable search and seizure in violation of the Fourth Amendment of the United States Constitution.

15. Defendant Schimmel drove Plaintiff to the Whitley County Jail which is operated and managed by the Whitley County Sheriff who implemented and utilized unconstitutional policies, customs, practices, and procedures, of performing a mandatory strip - search /body – cavity search. Plaintiff was devastated and physically and emotionally broken

when the John Doe/Jane Doe confinement officers (employees of the Sheriff) told her that she needed to face away from her, bend over and cough three times during which time they examined her bodily cavities.  This was done to Plaintiff even though no judge had approved or authorized Plaintiff's custody at the Whitley County Jail, and even though Plaintiff was merely being booked and promptly released and was not entering the general population at the Whitley County Jail.  Plaintiff's father followed Officer Schimmel to the Whitley County Jail where he met a Deputy and arranged for bail and the immediate release of his daughter after processing.  At no time was Plaintiff going into the general population of the Whiley County Jail.   However, the Whitley County Sheriff and "John Does/Jane Does "authorized and condoned an unconstitutional policy of allowing automatic strip searches/body – cavity searches of people (including Plaintiff) who were not bound for the general population of the Whitley County Jail.  These practices, customs, procedures, and policies violated Plaintiff's Fourth and Fourteenth Amendment rights of substantive due process and privacy, as well as Plaintiff's Fourth Amendment protection against unreasonable searches of pretrial detainees whose custody had not been approved by a judicial officer.   Plaintiff seeks damages for emotional distress, humiliation, and embarrassment resulting from the unconstitutional strip search/body–cavity search at the Whitley County Jail.  The "John Doe/Jane Doe" confinement officers who conducted the strip search /body-cavity search are sued in their individual capacities under 42 U.S.C. § 1983 for conducting a strip search /body-cavity search of the Plaintiff (who was not going into general population) in violation of her Fourth and Fourteenth

–5–

Amendments of the United States Constitution.

16. The Town of South Whitley negligently failed to conduct a necessary background check of Officer Shimmel before hiring him and carelessly and negligently hired him and retained him as a law enforcement officer for the Town of South Whitley.   As a direct and proximate result of this negligence, Defendant Shimmel was hired as a police officer and was operating in that capacity when he falsely arrested the Plaintiff and used unreasonable and excessive force against her on January 24, 2024.   The Town of South Whitley fired Officer Schimmel as a result of his interactions with the Plaintiff. Plaintiff seeks compensatory damages connected to the Town of South Whitley's negligent hiring of Officer Schimmel, as well as the state tort of assault and battery committed by Officer Schimmel.

17. As against Officer Schimmel who was acting in his individual capacity as a law enforcement officer under color of law, and who intentionally. maliciously, and willfully and wantonly used excessive and unreasonable force against the Plaintiff, Plaintiff seeks compensatory damages and punitive damages, as she suffered physical pain, emotional distress, fright. mental anguish, embarrassment, humiliation, and other damages and injuries - - all pursuant to 42 U.S.C § 1983 and the Fourth Amendment of the United States Constitution.

18. The John Doe/Jane Doe Sheriff Confinement Officers who searched Plaintiff are sued in their individual capacities under § 1983 and are liable to Plaintiff for compensatory and punitive damages for intentionally and recklessly violating Plaintiff's rights under the Fourth and Fourteenth Amendments.

WHEREFORE, Plaintiff prays for judgement against the Defendants, as follows: 1.) Compensatory damages against the Town of South Whitley; 2.) Compensatory damages and punitive damages against Defendant Schimmel; 3) Compensatory damages against the Whitley County Sheriff for his unconstitutional policies, customs, practices, and procedures with respect to automatic strip – searches/body – cavity searches of arrestees who were merely being booked and then bonding out and who were not headed for general population and whose custody was never approved by a judicial officer; 4) Compensatory damages and punitive damages against the "John Doe/Jane Doe" individual confinement officers who conducted the strip search/body-cavity search of the Plaintiff:. 5)As against the Town of South Whitley, compensatory damages for negligently failing to investigate or perform a background check on  Officer Schimmel and for negligently hiring him, which caused Plaintiff to endure a false arrest, as well as physical pain and mental suffering caused by Schimmel's Battery and use of excessive force against the Plaintiff: 5) and as against all Defendants, Plaintiff requests reasonable attorney's fees and costs of the action.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

–7–

Respectfully submitted,

**MYERS & WALLACE, LLP**


*/s/Christopher C. Myers*
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:     (260) 424-0600
Facsimile:      (260) 424-0712
E-mail:          cmyers@myers-law.com
*Counsel for Plaintiff*

–8–