IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| VIVIAN N. AUGUSTUS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 1:25-cv-00117 |
| | ) |
| TOWN OF SOUTH WHITLEY and | ) |
| OFFICER BRIAN SCHIMMEL and | ) |
| WHITLEY COUNTY SHERIFF JASON | ) |
| SPENCER, and JOHN DOES/JANE DOES | ) |
| (UNKNOWN CONFINEMENT OFFICERS), | ) |
| | ) |
| Defendants. | ) |

## ANSWER OF TOWN OF SOUTH WHITLEY
## AND OFFICER BRIAN SCHIMMEL TO PLAINTIFF'S COMPLAINT

**I.**

COME NOW Defendants, Town of South Whitley and Officer Brian Schimmel, by counsel, and for their first paragraph of Answer to Plaintiff's Complaint, allege and say:

1. The Plaintiff is Vivian N. Augustus who filed the Tort Claim Notices with the Town of South Whitley on April 19, 2024, and on April 25, 2024, copies of which are attached hereto and made apart hereof as Exhibits A & B (with attachments).

**ANSWER:** They admit the allegations set forth in paragraph 1 of Plaintiff's Complaint.

2. The Defendant, Town of South Whitley is a municipality in the State of Indiana and is responsible for the actions of law enforcement Officers, agents, and employees pursuant to the doctrine *respondeat superior*. The Town of South Whitley received the Tort Claim Notice of

1

April 19, 2024, and the Amended Tort Claim Notice dated April 25, 2024, (Exhibits A & B). The Town of South Whitley did not respond to either Tort Claim Notice. Ninety (90) days have passed since the Town of South Whitley's receipt of the Tort Claim Notice/Amended Tort Claim Notice. All jurisdictional prerequisites to filing this lawsuit have been satisfied.

**ANSWER:   They admit that the Defendant, Town of South Whitley is a municipality in the State of Indiana and employs law enforcement Officers. It also admits receiving the Tort Claim Notices filed by Plaintiff and that no written response to those Notices was provided. However, they deny the remaining allegations set forth in paragraph 2 of Plaintiff's Complaint.**

3.      Defendant Officer Brian Schimmel was, on January 24, 2024, employed as a law enforcement Officer for the Town of South Whitley. He is sued in his individual capacity as a police Officer who was acting as a person under color of law when he falsely arrested the Plaintiff for going seven miles per hour over the posted speed limit, resisting, and failure to identify and then using unreasonable and excessive force against her in violation of Plaintiff's rights under the Fourth Amendment of the United States Constitution which prohibits the unreasonable seizure of arrestees. This action is being brought, in part, pursuant to 42 U.S.C. § 1983

**ANSWER:   They admit that Defendant, Officer Brian Schimmel was a police officer with the Town of South Whitley and that he conducted a traffic stop of the Plaintiff on January 24, 2024. However, they deny the remaining allegations set forth in paragraph 3 of Plaintiff's Complaint.**

4.      Defendant Whitley County Sheriff implemented and utilized unconstitutional customs, practices, policies and procedures regarding the automatic strip – searching and body – cavity – searching of all inmates (including Plaintiff) without regards to the seriousness of the

crime or whether the inmate was destined for general population in the Whitley County Jail. Plaintiff was stopped for speeding and after booking was promptly released and was never placed into general population. She was unconstitutionally subjected to a strip-search and body – cavity search. Presently unidentified confinement Officers caused Plaintiff to be unconstitutionally searched.

**ANSWER:   They make no response to paragraph 4 of Plaintiff's Complaint, as paragraph 4 contains no allegations directed to these Defendants.**

5.   The Plaintiff was falsely arrested for, and falsely charged with Speeding, Resisting Law Enforcement, and Failure to Identify. All criminal charges and infractions were dismissed, and Defendant Schimmel lacked probable cause to file these infractions/criminal charges which he filed intentionally and with malice and without probable cause. As all criminal charges were dropped, Plaintiff has prevailed on the merits and sues the Town of South Whitley for false arrest and malicious prosecution.

**ANSWER:   They admit that criminal charges filed against the Plaintiff were later dismissed by the Prosecuting Attorney. However, they deny the remaining allegations set forth in paragraph 5 of Plaintiff's Complaint.**

6.   After Defendant Brian Schimmel stopped Plaintiff for speeding, and after Plaintiff pulled her vehicle into a Marathon gas station on State Street in South Whitley, Indiana, Plaintiff attempted to find her driver's license/ identification.

**ANSWER:   They admit that the Plaintiff pulled into the Marathon Gas Station on State Street in South Whitley, Indiana in connection with the traffic stop. However, they deny the remaining allegations set forth in paragraph 6 of Plaintiff's Complaint.**

7. This was Plaintiff's first experience of being subjected to a traffic stop by a police officer and she was nervous and fumbled for her driver's license which was on a lanyard attached to the car key ignition

**ANSWER: They deny the allegations set forth in paragraph 7 of Plaintiff's Complaint.**

8. Plaintiff As Plaintiff was attempting to retrieve her driver's license and registration, Defendant Schimmel opened up the driver's side door of Plaintiff's vehicle and told her to get out. Plaintiff continued to try and get her driver's license out of her pouch on the lanyard and asked Defendant Schimmel why she was pulled over.

**ANSWER: They deny the allegations set forth in paragraph 8 of Plaintiff's Complaint.**

9. Plaintiff Defendant Schimmel told Plaintiff to get out of the car, and Plaintiff informed him that her driver's license was attached to her keys. Defendant Schimmel directed that Plaintiff get out of the car or that he would force her out. At no time did Plaintiff resist.

**ANSWER: They deny the allegations set forth in paragraph 9 of Plaintiff's Complaint.**

10. Plaintiff became afraid, because she did not know this Officer who refused to tell her why she was stopped, and Plaintiff continued to try and get her driver's license and registration - - Plaintiff was "frozen" and confused by Officer Schimmel who continued to escalate the situation and become hostile. At no time did Plaintiff resist or refuse the Officer's instructions.

**ANSWER: They deny the allegations set forth in paragraph 10 of Plaintiff's Complaint.**

11. Defendant Schimmel then entered Plaintiff's vehicle, removed her seatbelt, then grabbed the Plaintiff by her arm and forcibly threw her out of the car onto the pavement where she lay faced down at which time Officers Schimmel handcuffed her. Plaintiff's driver's license dropped to the ground. Plaintiff's knees suffered abrasions and Defendant pounced upon Plaintiff causing pain and suffering. Schimmel failed to timely activate his body cam.

**ANSWER:    They admit that Defendant Officer Schimmel utilized force to remove Plaintiff from her vehicle when she failed to follow his repeated commands to exit on her own and that she was later handcuffed after he did so. However, they deny the remaining allegations set forth in paragraph 11 of Plaintiff's Complaint.**

12. Plaintiff hurt her knees from Schimmel throwing her to the ground. She experienced physical pain, emotional distress, and mental anguish as a result of the excessive and unreasonable force by Defendant Schimmel. Defendant Schimmel continued to be hostile to the Plaintiff even after she was handcuffed and continued to yell at the Plaintiff telling her that she was not trying to show her identification and that she was not trying to comply and continued to be overreactive and angry and frustrated, yelling "you don't get to sit there and tell me how I'm going to do my job! You understand?" or words to that effect. Plaintiff at all times remained calm and respectful.

**ANSWER:    They deny the allegations set forth in paragraph 12 of Plaintiff's Complaint.**

13. The attached photographs depict the Plaintiff on the ground after Defendant Schimmel's use of unreasonable and excessive force. The photographs show Plaintiff's driver's license on the ground, as well as injuries to her knees. These photographs are attached hereto as Exhibits D, E, & F.

**ANSWER:** They deny the allegations set forth in paragraph 13 of Plaintiff's Complaint.

14. Defendant Schimmel placed Plaintiff in the back of his police car. He then searched Plaintiff's vehicle without her consent in violation of rights again unreasonable search and seizure in violation of the Fourth Amendment of the United States Constitution.

**ANSWER:** They deny the allegations set forth in paragraph 14 of Plaintiff's Complaint.

15. Defendant Schimmel drove Plaintiff to the Whitley County Jail which is operated and managed by the Whitley County Sheriff who implemented and utilized unconstitutional policies, customs, practices, and procedures, of performing a mandatory strip - search/body – cavity search. Plaintiff was devastated and physically and emotionally broken when the John Doe/Jane Doe confinement Officers (employees of the Sheriff) told her that she needed to face away from her, bend over and cough three times during which time they examined her bodily cavities. This was done to Plaintiff even though no judge had approved or authorized Plaintiff's custody at the Whitley County Jail, and even though Plaintiff was merely being booked and promptly released and was not entering the general population at the Whitley County Jail. Plaintiff's father followed Officer Schimmel to the Whitley County Jail where he met a Deputy and arranged for bail and the immediate release of his daughter after processing. At no time was Plaintiff going into the general population of the Whiley County Jail. However, the Whitley County Sheriff and "John Does/Jane Does "authorized and condoned an unconstitutional policy of allowing automatic strip searches/body – cavity searches of people (including Plaintiff) who were not bound for the general population of the Whitley County Jail. These practices, customs, procedures, and policies violated Plaintiff's Fourth and Fourteenth Amendment rights of

substantive due process and privacy, as well as Plaintiff's Fourth Amendment protection against unreasonable searches of pretrial detainees whose custody had not been approved by a judicial Officer. Plaintiff seeks damages for emotional distress, humiliation, and embarrassment resulting from the unconstitutional strip search/body–cavity search at the Whitley County Jail. The "John Doe/Jane Doe" confinement Officers who conducted the strip search /body-cavity search are sued in their individual capacities under 42 U.S.C. § 1983 for conducting a strip search /body-cavity search of the Plaintiff (who was not going into general population) in violation of her Fourth and Fourteenth Amendments of the United States Constitution.

**ANSWER:** **They admit that Defendant Officer Schimmel transported the Plaintiff to Whitley County Jail. However, they make no response to the remaining allegations set forth in paragraph 15 of Plaintiff's Complaint as these allegations are not directed to these Defendants.**

16.  Defendant The Town of South Whitley negligently failed to conduct a necessary background check of Officer Shimmel before hiring him and carelessly and negligently hired him and retained him as a law enforcement Officer for the Town of South Whitley. As a direct and proximate result of this negligence, Defendant Shimmel was hired as a police Officer and was operating in that capacity when he falsely arrested the Plaintiff and used unreasonable and excessive force against her on January 24, 2024. The Town of South Whitley fired Officer Schimmel as a result of his interactions with the Plaintiff. Plaintiff seeks compensatory damages connected to the Town of South Whitley's negligent hiring of Officer Schimmel, as well as the state tort of assault and battery committed by Officer Schimmel.

**ANSWER:** **They deny the allegations set forth in paragraph 16 of Plaintiff's Complaint.**

17.     Defendant As against Officer Schimmel who was acting in his individual capacity as a law enforcement Officer under color of law, and who intentionally. maliciously, and willfully and wantonly used excessive and unreasonable force against the Plaintiff, Plaintiff seeks compensatory damages and punitive damages, as she suffered physical pain, emotional distress, and fright. mental anguish, embarrassment, humiliation, and other damages and injuries - - all pursuant to 42 U.S.C § 1983 and the Fourth Amendment of the United States Constitution.

**ANSWER:    They deny the allegations set forth in paragraph 17 of Plaintiff's Complaint.**

18.     The John Doe/Jane Doe Sheriff Confinement Officers who searched Plaintiff are sued in their individual capacities under § 1983 and are liable to Plaintiff for compensatory and punitive damages for intentionally and recklessly violating Plaintiff's rights under the Fourth and Fourteenth Amendments.

**ANSWER:    They make no response to paragraph 18 of Plaintiff's Complaint as paragraph 18 contains no allegations directed to these Defendants.**

WHEREFORE, Defendants, Town of South Whitley and Officer Brian Schimmel, by counsel, pray that Plaintiff Vivian N. Augustus take nothing by way of her Complaint; that judgment be entered in their favor; for the costs of this action; and for all other just and proper relief in the premises.

## AFFIRMATIVE DEFENSES

### II.

COME NOW Defendants, Town of South Whitley and Officer Brian Schimmel, by counsel, and for their second paragraph of Answer and first paragraph of Affirmative Defense,

allege and say that Plaintiff's Complaint fails to state a claim upon relief may be granted against these Defendants.

WHEREFORE, Defendants, Town of South Whitley and Officer Brian Schimmel, by counsel, pray that Plaintiff Vivian N. Augustus take nothing by way of her Complaint; that judgment be entered in their favor; for the costs of this action; and for all other just and proper relief in the premises.

### III.

COME NOW Defendants, Town of South Whitley and Officer Brian Schimmel, by counsel, and for its third paragraph of Answer and second paragraph of Affirmative Defense, allege and say that Defendant Officer Brian Schimmel, is entitled to qualified immunity from any and all federal claims asserted by the Plaintiff against him in her Complaint.

WHEREFORE, Defendants, Town of South Whitley and Officer Brian Schimmel, by counsel, pray that Plaintiff Vivian N. Augustus take nothing by way of her Complaint; that judgment be entered in their favor; for the costs of this action; and for all other just and proper relief in the premises.

### IV.

COME NOW Defendants, Town of South Whitley and Officer Brian Schimmel, by counsel, and for its fourth paragraph of Answer and third paragraph of Affirmative Defense to Plaintiff's Complaint, allege and say that they are entitled to immunity from Plaintiff's state law claims pursuant to immunity provisions contained in the Indiana Tort Claims Act and/or Indiana common-law.

WHEREFORE, Defendants, Town of South Whitley and Officer Brian Schimmel, by counsel, pray that Plaintiff Vivian N. Augustus take nothing by way of her Complaint; that

judgment be entered in their favor; for the costs of this action; and for all other just and proper relief in the premises.

V.

COME NOW Defendants, Town of South Whitley and Officer Brian Schimmel, by counsel, and for their fifth paragraph of Answer and fourth paragraph of Affirmative Defense to Plaintiff's Complaint, allege and say that Plaintiff's state law negligence claims are barred by the defenses of contributory negligence and/or incurred risk.

WHEREFORE, Defendants, Town of South Whitley and Officer Brian Schimmel, by counsel, pray that Plaintiff Vivian N. Augustus take nothing by way of her Complaint; that judgment be entered in their favor; for the costs of this action; and for all other just and proper relief in the premises.

VI.

COME NOW Defendants, Town of South Whitley and Officer Brian Schimmel, by counsel, and for their sixth paragraph of Answer and sixth paragraph of Affirmative Defense to Plaintiff's Complaint, allege and say that Plaintiff has failed to mitigate their damages.

WHEREFORE, Defendants, Town of South Whitley and Officer Brian Schimmel, by counsel, pray that Plaintiff Vivian N. Augustus take nothing by way of her Complaint; that judgment be entered in their favor; for the costs of this action; and for all other just and proper relief in the premises.

        Respectfully submitted,

        BARRETT McNAGNY LLP

        By:   */s/ Robert T. Keen, Jr.*
               Robert T. Keen, Jr., #5475-02
               215 E. Berry Street
               Fort Wayne, Indiana 46802
               Telephone: (260) 423-9551
               Fax: (260) 423-8920
               Email:  rtk@barrettlaw.com
               *Attorney for Defendants Town of South*
               *Whitley and Officer Brian Schimmel*